**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CAROL J. LEE, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>)<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>   Respondent. )<br>_____) | Case No. CV 06-281-S-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is Carol J. Lee's Petition to Review (Docket No. 1) seeking review of the final decision of Respondent denying her claim for Title XVI Supplemental Security Income benefits. This action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Carol J. Lee ("Petitioner" or "Claimant") applied for supplemental security income benefits under Title XVI of the Social Security Act on October 8, 2003 (AR 101) alleging disability beginning on October 8, 2003 as a result of status post right knee replacement, right rotator cuff repair, high blood pressure, depression, anxiety, irritable bowel syndrome and chronic obstructive pulmonary disease ("COPD"). (AR 102-04).

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner previously filed applications for disability benefits on July 21, 1999 (AR 86-88); June 5, 2000 (AR 90-92); and August 9, 2002 (AR 97-99) due to back problems; bone loss in shoulders, back, and hip; and arthritis in the right knee.  Each of those applications was denied.  (AR 36-40, AR 48-52, AR 62).

Petitioner's October 8, 2003 application was denied initially on February 23, 2004 (AR 67-70) and again after reconsideration on December 28, 2004 (AR 74-77).  Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (AR 78).  The ALJ held a hearing on September 27, 2005 at which time Petitioner, represented by counsel, appeared and testified.  (AR 908).

At the time of the hearing before the ALJ, Petitioner was fifty-four years of age with a ninth grade education and past work experience as a machine presser, home attendant, agricultural packer, machine packager, fish packer, and housekeeper/cleaner.  (AR 955-56).  Petitioner testified regarding extensive physical limitations and pain that she felt prevented her from performing any job.  (AR 915-48).  In addition, Petitioner's attorney stated that her "case is based on Exhibit 32F, the doctor's residual capacity statement," completed by Petitioner's primary care physician, Dr. Lorraine Tangen.  (AR 907).

Vocational expert, Anne F. Aastum, also testified at the hearing.  (AR 956).  Aastum testified that Dr. Tangen's residual functional capacity ("RFC") statement, Exhibit 32F (AR 705-08), provides for less than sedentary work and would rule out any competitive work.  (AR 956-57).  In contrast, Aastum testified that the Disability Determination Services ("DDS") assessments of Petitioner's physical RFC, Exhibit 28F (AR 666-76), and mental RFC, Exhibit 30F (AR 693-95), provide that Petitioner would be able to perform her past relevant work as a

**MEMORANDUM DECISION AND ORDER - 2**

"housekeeper, cleaner, which is maid work as customarily performed in the economy." (AR 957). Also assuming the physical and mental RFC provided by DDS, as well as Petitioner's past relevant work, Aastum testified that Petitioner had transferable skills that would allow her to perform work as a companion, home attendant or personal attendant, jobs generally available in the national economy. (AR 957-58).

On December 22, 2005, the ALJ issued a decision denying Petitioner's claim because he found that Petitioner is able to perform her past relevant work as a housekeeper/maid as previously performed and as generally performed in the national economy. (AR 17-22). Petitioner requested the Appeals Council review the ALJ's decision (AR 11). The Appeals Council denied Petitioner's request on May 26, 2006 (AR 8) making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Petitioner timely filed this instant action. Petitioner argues that her employment as a maid was not performed at the substantial gainful activity level and therefore it is not "past relevant work," and the ALJ failed to set forth specific legitimate reasons for rejecting the medical source statement of her treating physician. Petitioner requests that the ALJ's decision be vacated and this matter remanded for further proceedings. *Petitioner's Opening Brief* (Docket No. 12).

## II.

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th

**MEMORANDUM DECISION AND ORDER - 3**

Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

**MEMORANDUM DECISION AND ORDER - 4**

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

### III.

### DISCUSSION

**A.      Sequential Process**

The burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. § 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity since her alleged onset date. (AR 17).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). The ALJ found that the medical evidence indicates Petitioner has gastroesophageal reflux disease, hernia,

**MEMORANDUM DECISION AND ORDER - 5**

status post shoulder surgery, status post knee surgery, and chronic obstructive pulmonary disease, impairments that are severe within the meaning of the Regulations. (AR 17, 18).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). In this respect, the ALJ concluded that Petitioner's impairments are not severe enough to meet or medically equal, either singly or in combination one of the listed impairments. (AR 18).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). Here, the ALJ concluded that Petitioner retains the RFC to sit, stand and walk for about six hours in an eight hour day. She can lift twenty pounds occasionally and ten pounds frequently. She is limited to occasional crouching, crawling, climbing and kneeling. She can frequently balance, stoop and climb stairs. Petitioner has moderate restrictions in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; complete a normal workday without interruptions; interact appropriately with the general public; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (AR 21).

The ALJ stated that Petitioner has past relevant work as pressure machine operator, home attendant, agricultural packer, machine packager, fish packer and housekeeper/cleaner. (AR 21). The ALJ accepted the opinion of the vocational expert who testified that based upon Petitioner's RFC, she could return to her past relevant work as housekeeper/maid as previously performed and as generally performed in the national economy. (AR 22).

**MEMORANDUM DECISION AND ORDER - 6**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)(4)(v), 416.920(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  In this respect, because the ALJ found that Petitioner can return to her past relevant work, this fifth step was not addressed and the ALJ concluded that Petitioner was not under a disability as defined in the Social Security Act at any time through the date of his decision.  (AR 22).

### B.      Past Relevant Work

At the fourth step of the evaluation process, the ALJ determined that Petitioner has the RFC to perform her "past relevant work" as a maid.  *See* 20 C.F.R. § 416.920(e); AR 22.  Petitioner argues that her employment as a maid resulted in earnings too low to constitute substantial gainful activity; therefore, her past work as a maid cannot constitute past relevant work.  *Petitioner's Opening Brief*, p. 3 (Docket No. 12).

The fourth step of the evaluation process requires a comparison of the Petitioner's RFC with the physical and mental demands of past relevant work.  20 C.F.R. § 416.960(b).  Past relevant work is defined as: (1) work performed in the past 15 years; (2) that was substantial gainful activity; and (3) that lasted long enough for the Petitioner to learn how to do it.  20 C.F.R. §§  416.960(b)(1), 416.965(a).

The ALJ examines this past relevant work in order to determine the skills and abilities the Petitioner has acquired and the type of work Petitioner may be expected to do.  20 C.F.R. § 416.965(a).  If the Petitioner has no work experience or has worked only "off-and-on" for brief

**MEMORANDUM DECISION AND ORDER - 7**

periods of time during the previous 15 years, then the previous work experience generally is not relevant.  20 C.F.R. § 416.965(a).  Nonetheless, even if a Petitioner has no work experience, the ALJ may consider Petitioner able to do unskilled work, "because it requires little or no judgment and can be learned in a short period of time."  *Id.*

In determining whether previous employment constitutes substantial gainful activity ("SGA"), the "primary consideration will be the earnings . . . derive[d] from the work activity."  20 C.F.R. § 416.974(a)(1).  If earnings fall below a threshold level set forth in the regulations, then there is a presumption that Petitioner has not engaged in SGA.  *See* 20 C.F.R. § 416.974(b)(3)(i); *Lewis v. Apfel*, 236 F.3d 503, 515  (9th Cir. 2001).

However, the earnings derived from past work are not the only measure of whether such employment constitutes SGA.  "Earnings can be a presumptive, but not conclusive sign of whether a job is substantial gainful activity."  *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). "The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the commissioner. . . . With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity."  *Id.*  The regulations list five factors for the ALJ to consider: (1) the nature of the work; (2) how well the claimant does the work; (3) if the work is done under special conditions; (4) if the claimant is self-employed; and (5) the amount of time claimant spends at work.  *Id.* at 515-516 (citing in part 20 C.F.R. § 416.973.

In this case, Petitioner worked as a maid in 1993 and earned $151.82 for the month.  In 1993, the threshold level of income for SGA was $500 per month.  20 CFR § 416.974(b).  Thus, Petitioner's earnings create a presumption that the work was not SGA.  20 CFR § 974(b)(3).

**MEMORANDUM DECISION AND ORDER - 8**

The ALJ did not consider this presumption in its decision, nor did he address the Plaintiff's earnings level, even though Plaintiff's counsel raised the issue at the hearing. (AR 962). Because the Commissioner had the burden of demonstrating why Petitioner's earnings as a maid reflect SGA and its decision does not address the issue, the decision is not supported by substantial evidence and must be reversed.

### C. Rejecting the Medical Source Statement of Petitioner's Treating Physician

The ALJ is responsible for resolving conflicts and ambiguities in medical testimony. *See Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1984). In reviewing the sources of medical testimony, the ALJ must pay special attention to the type of physician providing testimony. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In addition, the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician. *Id.*

When the ALJ rejects the opinion of a treating physician, the ALJ must consider the different weight accorded the different sources of medical testimony. *See Id.* at 831. When the treating physician's opinion is uncontradicted, the Commissioner must provide clear and convincing reasons for rejecting it. *Id.* at 830. However, if the opinion of the treating physician is contradicted by another doctor, then the treating physician's opinion may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 830-31. "The opinion of a nonexamining physician, examining or treating, cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.

**MEMORANDUM DECISION AND ORDER - 9**

In the instant action, it is not necessary to determine whether the treating physician's opinion was contradicted, because, under either standard, the Commissioner's decision is not based on substantial evidence.  The ALJ rejected the medical source statement of Petitioner's treating physician, Dr. Tangen, because it was based on Petitioner's report to her physician, and the ALJ did not find the Petitioner to be credible.  (AR 20).  The problem with this reasoning is that it is not clear from the record that the assessment was based solely upon Petitioner's self-report.

The medical source statement form states that the information requested should constitute the physician's "professional opinion of what the individual can still do despite his/her impairment(s)."  (AR 705).  Further, "[t]he opinion should be based on *your* findings." *Id.* (italics added).  Dr. Tangen completed the form and signed it.  (AR 708).

The only evidence suggesting that Dr. Tangen did not provide her independent opinion but relied solely upon Petitioner's report comes from Petitioner's testimony and this testimony is unclear.  Petitioner testified that she did not know whether she was present when the medical source statement was completed by Dr. Tangen.  (AR 939).  The ALJ then asked the Petitioner if Dr. Tangen's statement represented what the Plaintiff had told her or if it represented the physician's opinion or both.  (AR 940).  Petitioner responded, "For– it's what I told her . . . Most of what's on there except for the pounds, the pounds, I can't lift anything hardly."  (AR 940).

Later in the hearing, Petitioner's attorney asked her about whether she was present on the date the medical source statement form was filled out or whether she simply called and spoke with her Dr. Tangen about it.  (AR 943-944).  The Petitioner's testimony in response is unclear to the point where it cannot be comprehended.  (AR 946).

**MEMORANDUM DECISION AND ORDER - 10**

Because the evidence does not clearly establish how Dr. Tangen completed the medical source statement, the ALJ's reason for rejecting Dr. Tangen's opinion lacks evidentiary support. Therefore, the case must be reversed and remanded for further consideration.

## IV.

## CONCLUSION

This Court does not frequently reverse the findings and conclusions of the ALJ. However, in this case, the ALJ's decision must be reversed and remanded for two reasons.  First, typically, the Petitioner has the burden of proving disability in order to obtain disability benefits. However, in certain circumstances, the burden shifts to the Commissioner.  In this case, the Commissioner had the burden of proving that Petitioner's past employment as a maid in 1993 constituted past relevant work.  Because the Commissioner did not meet his burden, the decision to deny Petitioner benefits must be reversed and remanded in order to determine Petitioner's past relevant work and whether she is able to perform such work.  Second, because the Commissioner's stated reason for rejecting the Petitioner's treating physician's opinion is not supported by substantial evidence in the record, the decision must also be reversed and remanded in order to determine Petitioner's RFC.

## V.

## ORDER

Based on the foregoing, Petitioner's request for review is GRANTED.  The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for

**MEMORANDUM DECISION AND ORDER - 11**

further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).



DATED: **November 20, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**